UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNETT BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 16-CV-2033 |
| | ) |
| JIM RANKING and | ) |
| LISA WHITE, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The pro se Plaintiff is currently incarcerated in the DeWitt County Jail, but he claims his constitutional rights were violated when he was housed at the Coles County Jail from February 3,

2015 to September 21, 2015.  Plaintiff says he repeatedly asked Lieutenant Lisa White for access to the law library during this time, but each request was denied.  In addition, Plaintiff says he repeatedly complained to Sheriff Jim Ranking, but he took no action.  As a result, Plaintiff says he was unable to prove his innocence.

The Plaintiff is alleging the Defendants' actions resulted in a denial of his fundamental right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817 (1977); *see also Lewis v. Casey,* 518 U.S. 343, 350 (1996). However, that right is violated only when an inmate is deprived of access and suffers an injury as a result of the deprivation. *see Lewis,* 518 U.S. at 349; *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir.2009).  A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir.2006). "The actual injury requirement is not waived even if systemic, continuous denials are alleged." *Dickerson v Hostetler,* 2010 WL 1241815 at 3 (C.D.Ill. March 22, 2010) *citing Ortiz,* 561 F.3d 664.

Since Plaintiff makes reference to his innocence, it appears his claim involves a criminal case. However, Plaintiff does not specify which case. In addition, Plaintiff does not clarify whether he was found guilty of the offense[1] or whether he was represented by counsel in his criminal case. The Plaintiff is advised when a pretrial detainee "is represented by counsel, a jail need not also provide him access to legal materials." *Felder v Laporte County Jail*, 2006 WL 1518978 at 2 (N.D.Ind. May 25, 2006) *citing Martin v Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988)(affirming dismissal of pretrial detainee's claim of lack of access to legal materials because he "was represented by counsel on his criminal charges.").

Therefore, the Court will dismiss Plaintiff's complaint as it does not provide Defendants with adequate notice of his claims. However, the Court will allow the Plaintiff time to file an amended complaint. Plaintiff's amended complaint must more clearly specify what claim he was prevented from pursuing. If it involved a criminal charge, Plaintiff must state whether he was found guilty or

---

[1] The Court notes Plaintiff is not currently incarcerated in the Illinois Department of Corrections, but he instead is incarcerated in a different jail.

pled guilty and when the case was resolved.  Plaintiff should also indicate whether he was represented by counsel.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) The Plaintiff must file an amended complaint clarifying his claim.  The Clerk of the Court is to provide the Plaintiff with a blank complaint form to assist him.  Plaintiff must file his proposed amended complaint on or before May 23, 2016.  If Plaintiff fails to file his amended complaint by this date, or fails to follow the Court's directions, his case will be dismissed.

3) The Clerk of the Court is to reset the internal merit review deadline for May 30, 2016.

ENTERED: May 3, 2016

FOR THE COURT:                    s/ Sue E. Myerscough
                                  _____
                                  SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE